ANTHONY W. MAFFEY, PLAINTIFF, v. TONY FASCEON, ALSO KNOWN AS TONY FASGINO, DEFENDANT.

JOHN WAGNER, PLAINTIFF, v. TONY FASCEON, ALSO KNOWN AS TONY FASGINO, DEFENDANT.

Submitted January 30, 1933—Decided June 29, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the plaintiffs, *Maurice Grossman* (*Sara V. Dunn,* of counsel).

For the defendant, no appearance.

PER CURIAM.

The actions with which we are now concerned were each begun in the Supreme Court by plaintiffs who claimed that they were passengers in the defendant's automobile and were injured through the negligence of the defendant.

These two motions, argued together, are in precisely the same posture both with respect to the facts and as to the legal situation, and are not resisted, although due notice thereof was given to the defendant.

It appears that through the default and neglect of plaintiffs' attorney (not plaintiffs' present attorneys) who was in charge of these suits, the cases were never in a situation to be legally noticed for trial by reason of the absence of papers from the files and other reasons not necessary to be detailed. They were, however, noticed for trial at the Hudson Circuit by the former attorney, and, after being carried on the list from term to term with no appearance, the judge at Circuit nonsuited the plaintiffs. Upon the plaintiffs' learning of that fact, and after an investigation which demonstrated the neglect, failure and default of the former attorney, plaintiffs undertook to secure, and did secure, a substitution of attorney, and the present counsel, immediately upon such substitution, applied to Chief Justice Gummere for and was granted a rule to show cause why the judgments should not be set aside, and that rule was served upon the defendant. Thereunder depositions were taken by the plaintiffs, without any appearance of the defendant, and those depositions seem to demonstrate the fact of the default, failure and neglect of the former attorney, the fact that the case was improperly noticed for trial, the fact that both plaintiffs have a cause

of action against the defendant and the fact that if plaintiffs cannot succeed in setting aside these judgments of nonsuit their respective causes of action will be barred by the statute of limitations.

In such circumstances we think that pursuant to the powers conferred upon us by section 112 of the Practice act (*Comp. Stat., p.* 4087), as construed by our cases, the judgments of nonsuit in both cases should be set aside and the plaintiffs permitted to proceed further in accordance with the rules; and it is so ordered, but without costs on this motion.